NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

RUDY P., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, B.L., N.L. *Appellees.*

No. 1 CA-JV 16-0098
FILED 7-19-2016

Appeal from the Superior Court in Maricopa County
No.  JD 505331
The Honorable Karen L. O'Connor, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate, Phoenix
By Suzanne W. Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Cathleen E. Fuller
*Counsel for Appellee, Department of Child Safety*

---

## MEMORANDUM DECISION

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Chief Judge Michael J. Brown and Judge Samuel A. Thumma joined.

---

**O R O Z C O**, Judge:

**¶1**        Rudy P. (Father) appeals the sufficiency of the juvenile court's determination that severance of his parental rights to B.L. and N.L. (the Children), was in their best interests.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**        The Arizona Department of Child Safety (DCS) sought to terminate Father's rights to the Children on the grounds he is incarcerated due to the conviction of a felony, depriving the children of a normal home. Following a contested severance trial, the court terminated Father's rights on such grounds.

**¶3**        Father appealed.[1]  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) sections 8-235.A, 12–120.21.A.1 and -2101.A (West 2016).[2]

### DISCUSSION

**¶4**        Father does not challenge the court's finding of a statutory factor warranting severance nor does he dispute that severance was in the Children's best interests.  *See* A.R.S. § 8-533.B.4 (permitting severance when "the sentence of that parent is of such length that the child[ren] will be deprived of a normal home for a period of years" and severance is in the children's best interests).  Instead, Father challenges the sufficiency of the court's best interests findings supporting termination of the parental relationship.  Father contends the court failed to make required findings;

---

[1]      The mother's rights to the Children were also terminated, but she is not party to this appeal.  Also, Father's Notice of Appeal was untimely filed. Father sought and was granted leave to file the untimely notice.

[2]      We cite to the current version of applicable statutes absent any change material to this decision.

specifically it neglected to determine whether the Children would benefit from severance or be harmed by continuation of the relationship.

**¶5**        A best interests determination is a finding of fact, most appropriately decided by the trier of fact. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 13 (App. 2002). We defer to the court's findings, reviewing a severance to determine whether reasonable evidence sustains the court's judgment. *Id.* at 280, ¶ 4. A court's best interests determination must consider whether the children would benefit from termination or, in the alternative, whether continuation of the parent-child relationship would be harmful. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 50, ¶ 19 (App. 2004). Existence of an adoptive plan is sufficient evidence that termination would result in a benefit to the children. *Id.* (citation omitted).

**¶6**        At trial, DCS presented evidence the Children would benefit from termination of Father's rights because they were in a placement willing to adopt them, and adoption would permit permanency and stability. In support of its best interests determination, the court made findings that termination would "further the plan of adoption and provide the [C]hildren with a permanent and stable home" and that the Children have "the right to a safe and permanent home where all of their needs are met right now." Father does not contend or present any evidence to controvert these findings. Because the plan for permanency and adoption is a benefit to the Children only available after severance of parental rights, we conclude the court's best interests findings are sufficient and supported by the record on appeal.

**CONCLUSION**

**¶7** For the foregoing reasons we affirm the court's finding severance is in the Children's best interests and terminating Father's parental rights.



Ruth A. Willingham · Clerk of the Court
FILED: AA